## CHIQUÉS *v.* POLO.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 579.—Resuelto en enero 31, 1911.

ALEGACIONES—ENMIENDA A LA CONTESTACIÓN.—La contestación original presentada en el caso de autos no estaba jurada, y en ella expresaba el demandado que no recordaba exactamente las condiciones de un contrato de arrendamiento que celebrara con el demandante (contrato que se había incluído en la demanda), ni que lo hubiera firmado; dictada sentencia y apelada, se ordenó un nuevo juicio, y entonces, el demandado presentó una enmienda jurada a la contestación, en la que aceptando haber celebrado un contrato de arrendamiento, negaba haber autorizado o firmado el contrato que se inserta en la primera alegación de la demanda, y negaba también su autenticidad; la corte rechazó la enmienda.  En apelación se resolvió:

(*a*) Que la enmienda propuesta no niega la posibilidad de que el demandado hubiera firmado un contrato semejante al incluído en la demanda; que el contrato descrito puede contener una equivocación en punto no esencial, y aprovecharse de ella el demandado para negar su autenticidad en los términos en que lo hiciera;

(*b*) Que para que la enmienda no apareciera intencionada, ha debido explicar las verdaderas condiciones en que se verificara el arrendamiento, o negar en términos expresos que el demandado hubiera otorgado documento alguno que justificara la acción ejercitada;

(*c*) Que por los motivos anteriores, y aun cuando hubiera sido, quizás mejor práctica la de permitir la enmienda, atendidas las circunstancias del caso, no puede sostenerse que la corte inferior incurriera en abuso de discreción al rechazar la enmienda así propuesta.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan de Guzmán Benítez.*

Abogados del apelado: *Sres. Vías Ochoteco y Ferrer.*

EL JUEZ ASOCIADO, SR. WOLF, emitió la opinión del tribunal.

Esta es la segunda apelación que se ha interpuesto en este caso. En la primera apelación se revocó la sentencia habiendo dictado la corte inferior sentencia contra el demandante por el fundamento de que no estando jurada la contestación, la autenticidad y otorgamiento de las escrituras en las cuales se basaba la demanda, se consideraron como admitidas por virtud de lo dispuesto en el artículo 119 del Código de Enjuiciamiento Civil, no teniendo el demandante que probar dicho extremo. Al devolverse el caso a la corte de distrito en 29 de mayo de 1909, el demandado propuso una enmienda jurada a la contestación la que no fué admitida por la corte. El fundamento que ahora se alega para que se revoque la sentencia es equivalente a decir que la corte abusó de su discreción al no aceptar la enmienda. Expresa el demandante que era arrendatario del demandado, habiendo otorgado él y el demandado el documento que se incluye en la demanda, obligándose el demandado, por virtud de las estipulaciones contenidas en dicho documento, a elevarlo a escritura pública. La enmienda a la contestación es como sigue:

"Que si bien es cierto que el demandante se encuentra en posesión como arrendatario de una finca de propiedad de la demandada, no es cierto que la demandada haya otorgado ni suscrito el contrato de arrendamiento que se inserta en el primer hecho de la demanda, ni es cierto que lo haya firmado ante los testigos que en él se mencionan ni ante ninguna otra persona, ni tampoco es auténtico el referido contrato."

La contestación original expresa solamente que el demandado no recordaba de modo exacto las condiciones del arrendamiento, ni que ella lo hubiera firmado. Al presentarse tal enmienda a la contestación, la corte inferior naturalmente se

sorprendería al ver que el demandado, juraba positivamente que no firmó el contrato habiendo expresado solo anteriormente que no recordaba haberlo firmado. La enmienda propuesta tampoco niega de modo categórico la posibilidad de que el demandado hubiera podido hacer un contrato semejante. Si el contrato referido en la demanda hubiera variado en algunos particulares que no eran esenciales al contrato que efectivamente firmó el demandado, llegando a cometerse error en la descripción de la finca, u otra cosa parecida, la demandada podría reconciliar su conciencia y prestar el juramento que hizo sin cometer perjurio. Para que esta enmienda no fuera prejuzgada debiera haber expresado las verdaderas condiciones del arrendamiento o negado en términos precisos que la demandada jamás había otorgado contrato alguno por el cual quedara obligada a otorgar escritura pública al demandante. Quizás hubiera sido mejor práctica que la corte hubiera permitido la enmienda, pero tomando en consideración la vaguedad de la contestación original y el derecho de la corte para considerar la enmienda como algo ambigua y el hecho de no estar explicada o justificada por el demandado la posesión del demandante, no estamos en condiciones de expresar que la corte abusó de su discreción al negarse a admitir la enmienda. Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociado, del Toro.

Juez disidente: Sr. MacLeary.

El Juez Asociado, Sr. Aldrey, no tomó parte en la resolución de este caso.